IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Upset Tax Sale Luzerne County　　　　:
Tax Claim Bureau　　　　　　　　　:
　　　　　　　　　　　　　　　　　:
　　　　v.　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　:
Adolph Wright Beneficiary　　　　　　:
Tamazight Temple University　　　　　:
Trustee　　　　　　　　　　　　　:　No. 454 C.D. 2023
　　　　　　　　　　　　　　　　　:
Appeal of: Adolph Wright　　　　　　:　Submitted: October 8, 2024

OPINION NOT REPORTED

MEMORANDUM OPINION
PER CURIAM　　　　　　　　　　　　　　　　FILED:　November 6, 2024

　　　　Adolph Wright (Wright)[1] appeals *pro se* from the March 3, 2023 order of the Luzerne County (County) Court of Common Pleas (trial court), which stayed a September 22, 2022 upset tax sale (Tax Sale) disposing of real property located at 343 Cemetery Road, Wapwallopen, Pennsylvania (Property), which is owned by the Tamazight Temple University Trust (Trust).　After careful review, we conclude that the trial court's order staying the Tax Sale (Stay Order) is an unappealable interlocutory order, and that Wright's appeal of the Stay Order was untimely.　To the extent Wright appeals the trial court's March 6, 2023 order generally continuing a hearing on the Tax Sale (Continuance Order), the appeal is timely; however, the Continuance Order is also an unappealable interlocutory order.　To the extent we may interpret Wright's appeal as seeking review of the trial court's April 4, 2023 order denying consideration of the Stay Order and Continuance Order, such orders are unappealable.　Accordingly, we quash Wright's appeal.　His subsequently-filed

---

[1] Wright is a self-described "[U]nited States of America National" and he denies United States citizenship.　Wright's Br. at 39.

"Motion to Change of Name from Adolph Wright and Tamazight Temple Trustee to Adolph Richard Ott Wright Estate and Evidence in the Form of Affidavit Testimony Submitted" (Motion to Change Name) is dismissed as moot.

## I. Background

Before delving into the underlying facts of this matter, it is important to stress that the instant appeal, and this Court's disposition thereof, relates *solely* to the Tax Sale proceeding and whether the trial court erred in issuing the Stay Order and Continuance Order or erred in denying reconsideration of same. The instant appeal is one of four appeals filed by Wright with this Court.

Two of Wright's appeals, *Commonwealth v. Wright* (Pa. Cmwlth., No. 1233 C.D. 2022, dismissed January 23, 2024), and *Commonwealth v. Wright* (Pa. Cmwlth., No. 1476 C.D. 2022), involve tax liens filed against Wright by the Commonwealth of Pennsylvania, Department of Revenue (DOR). The appeal docketed at 1233 C.D. 2022 concerns a lien for unpaid realty transfer taxes (Realty Tax Lien). This Court dismissed the Realty Tax Lien appeal as moot on January 23, 2024, because DOR marked the Realty Tax Lien satisfied on December 21, 2021. Wright appealed this decision to the Supreme Court by means of an "Application for Extraordinary Relief Rule 3309 and Petition for Review Under Chapter 15," which the Supreme Court denied on August 27, 2024. Wright's second tax lien appeal, docketed at 1476 C.D. 2022, concerns a lien for unpaid personal income taxes (Income Tax Lien). That appeal is pending with this Court.

A third appeal concerned a mortgage foreclosure proceeding for which a lien of judgment had been entered. Because the mortgage foreclosure proceeding had been stayed by an April 11, 2023 order of the trial court, this Court concluded that Wright's appeal was moot and, therefore, granted a Motion to Quash filed by the

2

appellee and dismissed Wright's appeal. *See Appeal of Wright* (Pa. Cmwlth., No. 455 C.D. 2023, filed Sept. 29, 2023). Wright filed a Petition for Allowance of Appeal with the Supreme Court on October 30, 2023, which disposed of the matter by administrative closure on November 15, 2023.

The documents filed by Wright with the trial court have made this Court's review of the official record in the Tax Sale proceeding exceedingly difficult, given that he habitually includes documents from the unrelated tax lien and mortgage foreclosure proceedings. Wright repeatedly conflates the factual background from these unrelated matters to the facts that are specific to the Tax Sale, as if the matters were interchangeable or had been consolidated. Wright regularly changes the captions on his filings, which frequently reference parties that have not been joined, such as the County. In some filings, Wright only identifies himself as a beneficiary of the Trust. In others, Wright's caption indicates that he is also the grantor and/or settlor of the Trust. It is unsurprising that counsel for the County filed a Petition for Special Relief requesting that the trial court excuse the County, and any other "County-affiliated defendants" from responding to Wright's filings, absent an order from the trial court directing a response.[2] Original Record (O.R.), Item No. 76.

Wright's scattershot filing practice is not limited to the trial court. For example, Wright continued to file documents with this Court in *Appeal of Wright* several months after the Supreme Court administratively closed the matter on

---

[2] The County's Petition for Special Relief cites Wright's writing style in its request for relief, describing Wright's filings as "outlandish and obnoxious," "nonsensical" and "lacking even the slightest sense or legal basis[.]" O.R., Item No. 76. We agree that Wright's pleadings are extraordinarily convoluted and lack coherence, caused in large part by Wright's frequent failure to finish one sentence before beginning another, all without the benefit of punctuation that might help differentiate his separate trains of thought. The trial court granted the County's Petition for Special Relief on March 3, 2023, noting that the County is not a party to the Tax Sale proceeding and, as such, not obligated to respond to Wright's filings.

November 15, 2023, styling one document as a "Motion to Reopen the Case Based on New Found [sic] Evident [sic] Attached In This Addendum Brief and Void Prior Order [D]ismissing the Case." This motion misidentifies the matter as an appeal from the Tax Sale and includes DOR as a party.[3] The caption for Wright's appeal to the Supreme Court from this Court's order dismissing the Realty Tax Lien appeal likewise identifies the matter as an appeal of the Tax Sale and includes the docket numbers for all four appeals he filed with this Court. On February 16, 2023, Wright filed a "Praecipe to Enter the Requested Stay Pursuant to [Pennsylvania Rules of Appellate Procedure (Appellate Rule)] 1701" to the Realty Tax Lien appeal, requesting that this Court stay the Tax Sale proceeding that was still pending with the trial court.[4]

We now turn to the specific facts underlying the Tax Sale. Wright is a beneficiary of the Trust, which owns the Property. On November 16, 2022, Elite Revenue Solutions, LLC (Elite), as agent for the County Tax Claim Board (TCB), filed a Consolidated Return of Upset Tax Sale of Properties Held on September 22, 2022 (Consolidated Return), which requested that the trial court confirm *nisi* the Tax Sale and, if no objections were filed within 30 days, enter a decree of absolute confirmation. The trial court issued an order that same day confirming *nisi* the Tax Sale.

Wright filed objections to the Tax Sale on December 12, 2022, challenging the trial court's jurisdiction on the basis that Wright had appeals in related matters

---

[3] In a per curiam order dated July 29, 2024, this Court denied Wright's motion, noting that we would not entertain any future filings without an accompanying application for leave of court and a subsequent express grant for permission thereof.

[4] This Court denied Wright's request for a stay, as the Tax Sale proceeding was unrelated to the Realty Tax Lien appeal.

pending before this Court.[5]  In addition, Wright alleged that the trial court exhibited bias against Wright for seeking tax-exempt status for the Property and bias in favor of the Tax Sale for the purpose of collecting revenue, and that the trial court erroneously failed to correct the case caption "to reflect the docket and index that should appear[.]"[6]  O.R., Item No. 10.  Wright further alleged that Elite, which provided notice of the Tax Sale on the TCB's behalf, improperly performed a governmental function.  Finally, Wright lodged objections to the notice provided for the Tax Sale under the Real Estate Tax Sale Law (RETSL),[7] and to RETSL's constitutionality.  Wright subsequently filed amended objections alleging that the Tax Sale was the result of prejudicial treatment and requesting an installment plan to pay the Property's outstanding tax debt.  On December 28, 2022, Wright filed a "Petition for Special Relief to Correct the Docket Entries and Merge Docket Entries

---

[5] At the time Wright filed his objections, only the Realty Tax Lien and Income Tax Lien appeals had been filed with this Court.

[6] It is not clear whether Wright wanted the trial court to consolidate the Tax Sale proceeding with the tax lien and mortgage foreclosure proceedings or whether Wright simply wanted the docket entries for those matters reflected in the Tax Sale docket.  It is evident, however, that Wright has conflated all four matters.  Additionally, Wright appears to operate under a misapprehension that every order issued by the trial court in the Tax Sale proceeding affects the sale of the Property, despite language in the order that clearly excludes the Property from its effect.  For example, objections to the Tax Sale were filed for only 21 of the several hundred properties sold.  The January 5, 2023 decree of absolute confirmation identified those 21 properties, including the Property, as *excluded* from the decree.  Nonetheless, a Notice of Appeal filed by Wright on January 9, 2023, suggests that a "confirmation absolute [was] made" for the Tax Sale of the Property "without notice[.]" O.R., Item No. 29.

[7] Act of July 7, 1947, P.L. 1368, *as amended*, 72 P.S. §§ 5860.101-5860.803.

5

on the Same Property[,]" which alleged that certain filings were missing from the docket, including a Petition to Set Aside Tax Sale (Petition).[8]

Elite filed a Motion to Quash (Motion) Wright's various filings on the basis that Wright was not an attorney and, therefore, could not represent the Trust for the Tax Sale proceedings. Elite also challenged the Trust's validity and existence and Wright's status as a beneficiary of the Trust. The trial court scheduled a hearing on Wright's Petition for March 8, 2023. The hearing was subsequently rescheduled for May 11, 2023.

On January 9, 2023, Wright filed a Notice of Appeal from orders allegedly entered on December 7, 8, and 9, 2022. The Notice of Appeal, which Wright directed to the Pennsylvania Supreme Court, this Court, and the trial court, indicated that these orders, which he attached to the Notice of Appeal, "may have been entered in the docket as evidenced by the docket entries that should be docketed to the right caption and available online[.]"[9] O.R., Item No. 29.

On January 17, 2023, Wright filed a "Motion to Stay Pending Appeal" (Motion to Stay) in the trial court. Wright's Motion to Stay referenced the trial court's November 16, 2022 order confirming *nisi* the Tax Sale, which he related to the Realty Tax Lien appeal filed with this Court and docketed at 1233 C.D. 2022.

---

[8] O.R., Item No. 20. The allegedly missing filings also include an Election for Finality under Pa.R.A.P. 311(b)(1) by a Beneficiary with Motions to Intervene Reconsider and Joinder of All Beneficiaries, a Petition to Open or Vacate the Claim Absolute with Objections to Tax Sale, and an Objection to Tax Sale Because Confirmation *Nisi* Did Not Come to "adolph wright." *Id.*

[9] These orders appear to have issued from Wright's tax lien and mortgage foreclosure proceedings, with the exception of the trial court's December 28, 2022 order scheduling a hearing on the Motion and Petition for March 8, 2023, which *does* appear in the trial court's official record.

Wright maintained that the Realty Tax Lien could not be considered separately from the Tax Sale proceeding.[10]

The trial court held a hearing on Wright's Motion to Stay on March 3, 2023. Wright advised that he requested a stay of the Tax Sale proceeding because he felt it would be impacted by this Court's resolution of his tax lien appeals. The trial court orally granted Wright's Motion to Stay and continued generally any hearing previously scheduled for the Tax Sale pending this Court's disposition of Wright's Realty Tax Lien and Income Tax Lien appeals.[11] The trial court memorialized its decision in a written order that expressly stayed all matters, except discovery, relating to the Tax Sale, pending resolution of the tax lien appeals pending in this Court, after which the Tax Sale matter would proceed. A March 6, 2023 order stated that the May 11, 2023 Tax Sale hearing was continued generally.

Wright filed a motion for reconsideration on March 28, 2023, requesting a stay of the Stay Order "pending disposition of the appeal filed March 2, 2023," which the trial court denied on April 4, 2023. O.R., Item No. 97.[12] That same day, Wright appealed the trial court's Stay Order to this Court. Wright's Notice of Appeal also references the trial court's March 6, 2023 Continuance Order, an order "lifting

---

[10] Wright references a December 8, 1985 article from Sports Illustrated as supporting his argument that the Realty Tax Lien proceeding must be considered with the Tax Sale proceeding.

[11] The trial court also granted a stay for the mortgage foreclosure matter, which it later rescinded as that matter involved "different issues and different parties." O.R., Item No. 111.

[12] The trial court docket does not reflect the entry of an order on March 2, 2023. The record does contain a motion filed by Wright on that date, which requested various relief, including a continuance of the March 3, 2023 hearing, which had already been continued by the March 3, 2023 Stay Order. Wright's motion also makes vague reference to an October 18, 2022 order, which we presume relates to one of DOR's tax lien proceedings, given that the Tax Sale proceeding was not initiated until nearly a month later, on November 16, 2022. The tax lien proceedings are not relevant to the instant appeal.

the equitable stay[,]"[13] and a request for reconsideration filed on March 31, 2023.[14] O.R., Item No. 108.

An October 11, 2023 order of this Court directed the parties to address both the timeliness of Wright's appeal and the appealability of the trial court's March 3, 2023 Stay Order.[15] Wright subsequently filed the Motion to Change Name, which names the Commonwealth of Pennsylvania as the appellee, omitting the TCB altogether. The Motion to Change Name appears to question whether this Court has jurisdiction over Wright and alleges that unnamed defendants have trespassed on the Property. Accordingly, Wright asserts that he is owed treble "the damages caused by this [C]ourt" and the unnamed defendants, as set forth in an attached fee schedule that Wright appears to have created under the auspices of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.[16] Motion to Change Name at 1. Also attached to the Motion to Change Name is a June 2024 document that purports to establish Wright as the Trust's "General Executor and Chief Administrator[.]"

---

[13] This appears to be a reference to the trial court's oral order rescinding the stay in the mortgage foreclosure proceeding.

[14] We presume that Wright is referencing the trial court's decision to lift the stay in the mortgage foreclosure proceeding, which is not relevant to the instant appeal.

[15] The brief filed by Elite does not address the timeliness of Wright's appeal or the appealability of the Stay Order.

[16] The Supplemental Rules contain the special procedures of arrest and attachment unique to admiralty law.

8

## II. Issue

Wright argues that the Stay Order is appealable as an interlocutory appeal as of right pursuant to Appellate Rule 311(b)(1), Pa.R.A.P. 311(b)(1).

## III.    Discussion

We must first address the timeliness of Wright's appeal and the appealability of the Stay Order.  Generally, an appeal from the final order of a trial court must be filed within 30 days.  Pa.R.A.P. 903(a).  This 30-day period is computed by excluding the first day and including the last day.  Pennsylvania Rules of Judicial Administration, Pa.R.J.A. 107(a).  If the last day falls on a weekend or legal holiday, it shall be excluded from the computation.  Pa.R.J.A. 107(b).  Wright filed his appeal from the March 3, 2023 Stay Order on April 4, 2023.  The 30-day period following March 3, 2023 fell on April 2, 2023, a Sunday.  Therefore, to be timely, Wright had to file his appeal the following day, on April 3, 2023.  Because Wright did not file his appeal until April 4, 2023, it was untimely.   The timeliness of an appeal is a jurisdictional issue, and this Court does not have jurisdiction over an untimely appeal. *Sellers v. Workers' Comp. Appeal Bd. (HMT Constr. Servs., Inc.)*, 713 A.2d 87, 89 (Pa. 1998).

Even if Wright's appeal had been timely, the Stay Order was not an appealable final order or an interlocutory order that may be appealed as of right under Rule 311 of the Appellate Rules.  Section 762(a)(4) of the Judicial Code[17] provides that this Court has exclusive jurisdiction over appeals from **final orders** of the courts of common pleas in local government civil and criminal matters.  Appellate Rule 341(b) defines "final order" as one that (1) disposes of all claims and all parties, (2)

---

[17] 42 Pa.C.S. § 762(a)(4).

9

is expressly defined as a final order by statute; or (3) disposes of one or more claims, but fewer than all claims, upon a determination that an immediate appeal will facilitate resolution of the entire case.[18]

Rule 311 of the Appellate Rules[19] sets forth when an interlocutory appeal may be taken as of right. An appeal may be taken as of right where the order "confirm[s], modif[ies], dissolve[s], or refuse[s] to confirm, modify or dissolve an attachment, custodianship, receivership, or similar matter affecting the possession or control of property[.]"[20] A stay order that effectively stays the matter indefinitely, because the underlying or related matter may never be initiated or resolved, constitutes an order refusing to confirm or dissolve a matter affecting the possession or control of property. *Com. v. 1997 Pontiac Sunfire* (Pa. Cmwlth., No. 2211 C.D. 2008, filed October 19, 2009). Additionally, Rule 311(b)(1), which Wright cites in support of his argument that the Stay Order is appealable, provides that an interlocutory order sustaining the venue of a matter or jurisdiction over the person, or over real or personal property, may be taken as of right where: (1) within 10 days of the order's entry, the party benefitting from the order files an election that the order shall be deemed final; or (2) the order states that a substantial issue of venue or jurisdiction is presented.[21]

In arguing that the Stay Order is appealable under Rule 311(b), Wright makes vague reference to "information" he was unable to locate, which necessitated an

---

[18] Pa.R.A.P. 341(b).

[19] Pa.R.A.P. 311.

[20] Pa.R.A.P. 311(a)(2).

[21] Pa.R.A.P. 311(b)(1)-(2).

unidentified October 13, 2022 filing that resulted in "the acceptance of jurisdiction with remand and denial of injunctive relief on October 18, 2022," and an October 24, 2022 "election of finality respecting in rem jurisdiction."[22]  Wright's Br. at 8.

To the extent Wright attempts to argue the Stay Order is a final order, we disagree.  The Stay Order did not dispose of all claims and all parties or provide that an immediate appeal would facilitate resolution of the Tax Sale proceeding, and it is not an order that is expressly defined as such by statute. Thus, the Stay Order is not a final order under Rule 341(b).

We also reject Wright's argument that the Stay Order is an appealable interlocutory order.  Given that the documents Wright mentions, assuming they exist, predate the filing of the Consolidated Return on November 16, 2022, they are not relevant to the instant appeal.  It is more likely that Wright is simply attempting to revive his unrelated and unsuccessful appeals by discussing them here.[23] Regardless, he has not demonstrated that the Stay Order is an interlocutory appeal as of right.  The Stay Order neither confirmed, modified, dissolved, or refused to confirm, modify or dissolve, an attachment, custodianship, receivership, or similar

---

[22] The remainder of Wright's arguments do not address whether the trial court erred in issuing the Stay Order on March 3, 2023, which is the only issue before this Court.  Rather, Wright argues, without substantiation, that Elite failed to follow the notice requirements in RETSL, he questions a decision made by a different judge of the trial court, and he regurgitates unsuccessful challenges made in his unrelated appeals.  Wright also suggests a prejudicial motive behind the Tax Sale, the imposition of tax liens, and initiation of mortgage foreclosure proceedings against Wright and the Property.  An "Alternate added Brief" raises additional issues and doctrines, such as the Trading with the Enemy Act of 1917, 50 U.S.C. §§ 4301-4341, that have no relevance to this appeal.  Wright's Br. at 33.  As these issues are not properly before this Court, we will not address them further.

[23] Wright essentially acknowledges this tactic in his brief, explaining that he names "all persons in the process" because the four appeals represent a "combined effort . . . to take the [P]roperty."  Wright's Br. at 13.

matter affecting the possession or control of property. Two of Wright's three appeals have been disposed of by this Court and rejected by the Supreme Court, and it cannot be credibly argued that the Tax Sale proceeding has been effectively stayed indefinitely. Finally, the Stay Order did not sustain venue or jurisdiction over the Tax Sale proceeding or state that a substantial issue of venue or jurisdiction is presented. Even if the Stay Order could be interpreted as such, Wright did not file an election of finality within 10 days of March 3, 2023.

The sole effect of the Stay Order was to *grant the very relief Wright requested* by staying the Tax Sale proceeding until Wright's unrelated appeals were disposed of by this Court. Simply citing Rule 311(b)(1) and parroting the phrase "election of finality" cannot transform the Stay Order into an appealable interlocutory order.

We recognize that Wright's appeal with this Court also references the trial court's March 6, 2023 Continuance Order that generally continued the May 11, 2023 Tax Sale hearing, as well as Wright's motion for reconsideration and the trial court's denial of same. To the extent Wright seeks review of the March 6, 2023 Continuance Order, his appeal is timely. Applying our prior analysis to the March 6, 2023 Continuance Order, we conclude that it is neither a final order or an appealable interlocutory order, as provided for in Rule 311(b)(1). The Continuance Order merely continued the May 11, 2023 hearing generally, pending this Court's resolution of Wright's other appeals. As for the trial court's order denying reconsideration, such orders are not unappealable. *See Com. v. Rachau*, 670 A.2d 731 (Pa. Cmwlth. 1996).

Because we have concluded that the Stay Order is untimely, that the Continuance Order is not an appealable interlocutory order, and that the trial court's

denial of reconsideration is not appealable, we need not address the Motion for Change of Name, which is moot.

## IV. Conclusion

The Stay Order and Continuance Order are not final orders or orders that are appealable as of right under Rule 311(b)(1) of the Appellate Rules. Additionally, Wright's appeal from the Stay Order was untimely, having been filed one day late. Finally, an order of the trial court denying reconsideration is not appealable. Accordingly, we quash Wright's appeal and dismiss Wright's Motion for Change of Name as moot.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Upset Tax Sale Luzerne County   :
Tax Claim Bureau   :
   :
   v.   : No. 454 C.D. 2023
   :
Adolph Wright Beneficiary   :
Tamazight Temple University   :
Trustee   :
   :
Appeal of: Adolph Wright   :

**PER CURIAM**

# O R D E R

AND NOW, this 6th day of November, 2024, the appeal of Adolph Wright (Wright) is hereby QUASHED, consistent with the foregoing opinion. Wright's "Motion to Change of Name from Adolph Wright and Tamazight Temple Trustee to Adolph Richard Ott Wright Estate and Evidence in the Form of Affidavit Testimony Submitted" is DISMISSED as moot.